IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00358-CR

 

Kodell Foster,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2004-1159-C1

 



DISSENT TO ORDER










 

            We have a new set of rules.  Let us
follow them.  As explained below, I would withdraw the mandate issued in this
proceeding.  Because the Court denies the motion under consideration, I
respectfully dissent.

            Pending before the Court is Foster’s
Unopposed Motion to Stay Execution or Set Aside Mandate.  Because of an error
of this Court in failing to comply with the Rules of Appellate Procedure,
specifically the failure to timely forward a petition for discretionary review
to the Court of Criminal Appeals, the mandate was issued in this proceeding. 
The Court now refuses to withdraw the mandate which we had no authority to
issue at the time that it was done.

The Court’s Errors

            In this proceeding, we issued an
opinion on June 3, 2009.  After a timely filed motion for extension of time to
file a motion for rehearing was granted, Foster filed a motion for rehearing. 
The motion for rehearing was denied.  For some inexplicable reason, a mandate
was erroneously issued by the Clerk of this Court on September 9, 2009.  That erroneously issued mandate was recalled on our own initiative on September 16, 2009.  

            Foster, after having filed a motion
for extension of time to file a petition for discretionary review, timely filed
a petition for discretionary review on December 1, 2009.  Thus, Rule 50 was triggered.  Rule 50 provides:

            50. 
Reconsideration on Petition for Discretionary Review

 

            Within 60 days after a petition for
discretionary review is filed with the clerk of the court of appeals that
delivered the decision, the justices who participated in the decision may, as
provided by subsection (a), reconsider and correct or modify the court's
opinion or judgment.  Within the same period of time, any of the justices who
participated in the decision may issue a concurring or dissenting opinion.

 

            (a) If the court's original opinion or
judgment is corrected or modified, that opinion or judgment is withdrawn and
the modified or corrected opinion or judgment is substituted as the opinion or
judgment of the court.  No further opinions may be issued by the court of
appeals.  The original petition for discretionary review is not dismissed
by operation of law, unless the filing party files a new petition in the court
of appeals.  In the alternative, the petitioning party shall
submit to the court of appeals copies of the corrected or modified opinion or
judgment as an amendment to the original petition.

 

            (b) Any party may then file with the
court of appeals a new petition for discretionary review seeking review of the
corrected or modified opinion or judgment, including any dissents or
concurrences, under Rule 68.2.

 

Tex. R. App. P.
50 (emphasis added).

 

            On January 27, 2010, within the 60-day window provided by Rule 50, the Court issued its Memorandum Opinion on
Petition for Discretionary Review.  At the same time, the previous opinion was
withdrawn.  Under the former version of Rule 50, upon the timely issuance of a
new opinion, the “original petition for discretionary review is dismissed by
operation of law.”  Tex. R. App. P.
50 (Tex. Crim. App. 1997, amended 2008).  The current version, however,
provides for a dramatically different result.  “The original petition for
discretionary review is not dismissed by operation of law, unless the filing
party files a new petition in the court of appeals.”  Tex. R. App. P. 50.

            This change in Rule 50 led to this
Court’s second error (the first having been corrected by withdrawing the first
erroneously issued mandate).  The Clerk of the Court failed to timely forward
the petition for discretionary review, which had been timely filed, to the
Court of Criminal Appeals as required by the Rules.  Specifically Rule of
Appellate Procedure 68.7 provides:

            68.7. 
Court of Appeals Clerk's Duties

 

            (a) On Filing of the Petition.  Upon
receiving the petition, the court of appeals clerk must file the original
petition and note the filing on the docket.

 

            (b) Reply.  The opposing party has 30
days after the timely filing of the petition in the court of appeals to file a
reply to the petition with the clerk of the court of appeals.  Upon receiving a
reply to the petition, the clerk for the court of appeals must file the reply
and note the filing on the docket.

 

            (c) Sending Petition and Reply to
Court of Criminal Appeals.   Unless a petition for discretionary review
is dismissed under Rule 50, the clerk of the court of appeals must, within 60
days after the petition is filed, send to the clerk of the Court of Criminal
Appeals the petition and any copies furnished by counsel, the reply, if
any, and any copies furnished by counsel, together with the record, copies of
the motions filed in the case, and copies of any judgments, opinions, and
orders of the court of appeals.  The clerk need not forward any nondocumentary
exhibits unless ordered to do so by the Court of Criminal Appeals.

 

Tex. R. App. P.
68.7 (emphasis added).

 

            At the time that this petition for
discretionary review should have been forwarded to the Court of Criminal
Appeals, the petition had not been dismissed by operation of law under Rule 50
by the filing of a new petition for discretionary review.  Because it had not
been dismissed by operation of law, the Clerk had no alternative under the Rule
but to forward the petition for discretionary review to the Court of Criminal
Appeals.  Tex. R. App. P. 68.7
(c).   Had this error not occurred, much of the confusion created by subsequent
events could have been avoided.

            The next error, our third, was that
the Clerk of the Court erroneously issued the second mandate.  The Clerk of the
Court of Appeals is authorized to issue the mandate only after the passage of a
certain amount of time after the court of appeals judgment is rendered if
certain specified events have not occurred.  Tex.
R. App. P. 18.1(a).  Specifically, the rule provides:

            18.1. 
Issuance

 

The clerk of the appellate court that rendered the
judgment must issue a mandate in accordance with the judgment and send it to
the clerk of the court to which it is directed and to all parties to the
proceeding when one of the following periods expires:

 

            (a) In the Court of Appeals.

 

            (1) Ten days after the time has
expired for filing a motion to extend time to file a petition for review or a
petition for discretionary review if:

            (A) no timely petition for
review or petition for discretionary review has been filed;

            (B) no timely filed motion to extend
time to file a petition for review or petition for discretionary review is
pending;  and

            (C) in a criminal case, the Court of
Criminal Appeals has not granted review on its own initiative.

            (2) Ten days after the time has
expired for filing a motion to extend time to file a motion for rehearing of a
denial, refusal, or dismissal of a petition for review, or a refusal or
dismissal of a petition for discretionary review, if no timely filed motion for
rehearing or motion to extend time is pending.

 

            (b) In the Supreme Court and the Court
of Criminal Appeals.   Ten days after the time has expired for filing a motion
to extend time to file a motion for rehearing if no timely filed motion for
rehearing or motion to extend time is pending.

 

            (c) Agreement to Issue.   The mandate
may be issued earlier if the parties so agree, or for good cause on the motion
of a party.

 

Tex. R. App. P.
18.1 (emphasis added).

 

            Because Foster had timely filed a
petition for discretionary review that had not been dismissed by operation of
law under Rule 50, the Clerk should not have issued the mandate.  Tex. R. App. P. 18.1(a)(1)(A).  Having
erroneously issued the mandate, we should now recall it.  

Ruling on the Motion

            Foster has filed a motion asking that
we recall the mandate or set it aside.  The Court denies the motion.  I
disagree and would grant the motion and recall the mandate.

            First, we have jurisdiction.  Because
the mandate was erroneously issued, we have jurisdiction to recall the mandate
pursuant to Rule 19.3.  Tex. R. App. P.
19.3(b) (“After its plenary power expires, the court cannot vacate or modify its
judgment.  But the court may…(b) issue and recall its mandate as these rules
provide.”)

            Second, the recall of the erroneously
issued mandate is the right thing to do.  The existence of the erroneously
issued mandate is an impediment to Foster obtaining review of his petition for
discretionary review.  This is because of events that occurred after the
mandate was issued.  

            The due date for a new petition for
discretionary review directed against the Memorandum Opinion on Petition for
Discretionary Review, if Foster wanted to file one, was February 26, 2010.  After the mandate was erroneously issued and the petition for discretionary review
was erroneously held at the Court of Appeals rather than being forwarded to the
Court of Criminal Appeals as required, and due to illnesses and personal
circumstances, the attorney missed the purported deadline for filing a new
petition for discretionary review.  But a second petition for discretionary
review was filed with this Court on May 6, 2010.  I will call it the “second” petition for discretionary review as Foster did, although it is more accurate
to call it an amended or supplemental petition for discretionary review.  See
Tex. R. App. P. 68.10.  Foster
also filed a belated motion to extend the time in which to file the second
petition for discretionary review.  That motion was denied by the Court of
Criminal Appeals.

            Based upon my review of the documents,
it is clear that the judges on the Court of Criminal Appeals were unaware that
a previous petition for discretionary review had already been timely filed and
had not been dismissed pursuant to Rule 50 and had not been previously acted
upon by the Court since the Court of Criminal Appeals Clerk did not docket it
as required by Rule 68.8.  It also seems clear that the Court of Criminal
Appeals treated the second petition as if it was the first and only petition
filed in this proceeding.  

            When the circumstances of the
erroneous issuance of the mandate came to my attention by the motion to set
aside or withdraw the mandate, it obviously caused me to question why the
mandate had been issued.  That is when I learned that the Clerk had treated the
previously filed petition for discretionary review as it would have been
treated under the former version of Rule 50 and failed to forward the petition
to the Court of Criminal Appeals as required by the Rule as amended. 
Previously, the petition for discretionary review would have been dismissed by
operation of law.  But this situation is one of a myriad of situations to which
the rule change is applicable.  So my recommendation, at that juncture, was
simply to send everything to the Court of Criminal Appeals so that the judges
there would be fully apprised of our errors.  Thus, the Court of Criminal
Appeals could consider what the effect was of filing the second petition for
discretionary review given that, if it was actually treated as a second petition
for discretionary review, it was untimely but could be considered an amendment or
supplement to the first and timely filed petition for discretionary review and
thus considered on the merits.  

            Regardless of the timeliness of the
second petition for discretionary review, the first petition for discretionary
review had never been acted upon.  And unless the second petition for
discretionary review could be untimely for being considered on the
merits, but could be timely to have the effect of dismissing the first petition
for discretionary review by operation of law, a result which seems patently
absurd to me, the first petition for discretionary review remains a viable petition
for discretionary review of Foster’s complaints about this Court’s judgment. 

            However, the Clerk of the Court of
Criminal Appeals returned both petitions for discretionary review to this Court[1]
and sent the following letter to Foster:

This Court is in receipt of the Appellant’s
Petition for Discretionary Review in the above styled cause number.  Records reflect
an Opinion was issued by the 10th Court of Appeals on 01/27/2010 pursuant to T.R.A.P. Rule 50, affirming the conviction; a motion for rehearing was not
filed.  Petition for Discretionary Review was due in the 10th Court of Appeals
on 02/26/2010.  The 10th Court of Appeals issued mandate in the above styled
cause on 05/04/2010.

 

The Appellant filed an extension of time to file
Petition for Discretionary Review on 05/07/2010 and the motion was denied on 05/17/2010.  Since the 10th Court of Appeals has issued mandate in this case, NO
ACTION WILL BE TAKEN ON THIS PETITION.  The petition is being placed in
the file and the record is being returned to the 10th Court of Appeals.

 

(Emphasis in original).

 

            So to say the least, the erroneous
issuance of the mandate by the Clerk is critical to Foster obtaining a review
of this Court’s judgment.  The erroneous issuance of that mandate is apparently
what is preventing Foster from obtaining the Court of Criminal Appeals’ review
of his petition for discretionary review.[2]

            Finally, regardless of the effect of
the second filed petition for discretionary review as to dismissing the first filed
petition for discretionary review by operation of law, it could not have been
the basis for this Court to have issued its mandate.  The mandate issued 3 days
before the second petition for discretionary review was filed.  Thus it is
without question that at the time we issued the mandate, there was a timely
filed petition for discretionary review that should have already been in the
hands of the Court of Criminal Appeals that had not been, and still has not
been, acted upon.  Accordingly, it is beyond question that it was error for the
mandate to issue at the time and under the circumstances that it did.  

Conclusion

            For the reasons as expressed, I would
grant the motion by recalling the mandate that was erroneously issued.  
Because the Court denies the motion, I respectfully dissent.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissent
to order delivered and filed September 1, 2010

Publish









[1] The first filed petition was returned with a
strike mark diagonally across it with the notation “Rule 50” hand written next
to the strike mark.  It is not at all clear who made the determination to not
process the first filed petition.  See Tex.
R. App. P. 68.8

 





[2] While I believe this Court’s judgment is correct,
that belief does not justify cutting off Foster’s opportunity for review. 
Further, this process is more efficient than requiring Foster to file a
petition for writ of habeas corpus for an out of time petition for
discretionary review to which, based on the basis given by his counsel, he is
almost assuredly entitled.